IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE INTEREST OF MICHAEL R.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF MICHAEL R., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL R., APPELLANT.


Filed October 1, 2019.    No. A-18-1099.


Appeal from the County Court for Scotts Bluff County: JAMES M. WORDEN, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Danielle Larson, Deputy Scotts Bluff County Attorney, for appellee.


MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Michael R. appeals the order of the Scotts Bluff County Court, sitting in its capacity as a juvenile court, adjudicating him as a juvenile under Neb. Rev. Stat. § 43-247(1) (Reissue 2016). For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

In April 2018, the State filed a juvenile court petition alleging that Michael was a juvenile within the meaning of § 43-247(1) relating to four counts of third degree sexual assault and one count of attempted third degree sexual assault. The court eventually dismissed the four counts of

- 1 -

third degree sexual assault, but found the State met its burden on the sole count of attempted third degree sexual assault. It is from this finding that Michael appeals.

At the adjudication hearing, the victim testified that during the 2017-18 school year, she and Michael were both sophomores and had four classes together. She testified that Michael would sometimes sit behind her, rub her back, and play with her hair. When asked if she consented to that form of touching, the victim generally agreed; however, the victim testified regarding two incidents that made her uncomfortable.

The first incident occurred in 2017 during one of their classes together. According to the victim, she sat in front of Michael, who rubbed her back while a video was playing during the class period. She testified that on that occasion, Michael moved his hand toward her breast, but she pushed his hand back with her arm.

The second incident occurred in 2018, when she and Michael were in another class together. The victim testified that during this class, while a movie was playing, Michael began giving her a back rub, but again moved his hand forward and attempted to touch her breast. But unlike the first incident, the victim testified that Michael attempted to touch her breast a second time after she had pushed his arm away. In her own words, the victim said, "I had to use my own -- my own hand to move his hand back because my arm -- he wasn't getting the hint." On this occasion, she testified that she had to use her hand to push back Michael's hand at least three times, but testified that she was ultimately successful in keeping Michael from touching her breast.

Michael also testified at the adjudication hearing. He stated that he and the victim started talking during their sophomore year and described the two of them as "pretty good friends." He said that if they walked down the hall together, "she would put her arm around my arm or we would hug or we would talk a lot." Michael admitted that during a class, he did try to touch the victim's breast while they were watching a movie. Specifically, he recalled that he was playing with the victim's hair and rubbing her back at her request and then attempted to touch her breast, but acknowledged the victim moved her arm to stop him. Michael testified the victim told him "she doesn't want to do this here, but you can keep rubbing my back." Unlike the victim's testimony, Michael testified that following the victim's admonition, he stopped trying to touch her breast and did not do so again.

The court found that the State did not meet its burden of establishing that Michael had committed third degree sexual assault. In dismissing the counts of third degree sexual assault, the court stated: "I just want to make it clear, Michael, I am not saying that I believe you. I am saying that I don't believe the state has reached its burden beyond a reasonable doubt [on the counts of third degree sexual assault]." However, the court did adjudicate Michael as a juvenile within the meaning of § 43-247(1) after finding Michael had committed the offense of attempted third degree sexual assault. In rendering its judgment, the court specifically found that the victim's testimony was credible. Michael timely appeals.

ASSIGNMENT OF ERROR

Michael contends that there was insufficient evidence to support the court's adjudication of him for attempted third degree sexual assault.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Kane L.*, 299 Neb. 834, 910 N.W.2d 789 (2018). When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id.*

ANALYSIS

Michael's sole assignment of error is that there was insufficient evidence to support the court's adjudication based upon its finding that he committed the offense of attempted third degree sexual assault.

The juvenile court obtains jurisdiction of any juvenile who has committed an act, other than a traffic offense, which would constitute a misdemeanor or an infraction under the laws of this state, or violation of a city or village ordinance. § 43-247(1). When an adjudication is based upon § 43-247(1), the allegations must be proved beyond a reasonable doubt. *In re Interest of Elainna R.*, 298 Neb. 436, 904 N.W.2d 689 (2017). In reviewing a juvenile court's order of adjudication under § 43-247(1), we determine de novo whether the evidence shows that a juvenile has engaged in conduct which would constitute a misdemeanor or infraction under the laws of Nebraska. *In re Interest of Jeffrey K.*, 273 Neb. 239, 728 N.W.2d 606 (2007).

In this case, Michael was adjudicated as a juvenile within the meaning of § 43-247(1) for attempted third degree sexual assault, which is a Class II misdemeanor. See, Neb. Rev. Stat. §§ 28-201 and 28-320 (Reissue 2016). In order to be adjudicated for this offense, the State was obligated to prove, beyond a reasonable doubt, the elements of the offense. "Any person who subjects another person to sexual contact (a) without consent of the victim . . . is guilty of sexual assault in [the] third degree" if the victim is not injured. § 28-320. "Sexual contact means the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts." Neb. Rev. Stat. § 28-318(5) (Reissue 2016). "Intimate parts" includes breasts. § 28-318(2).

Criminal attempt is defined in § 28-201, stating:

> (1) A person shall be guilty of an attempt to commit a crime if he or she:
>
> . . . .
>
> (b) Intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime.

Specific to the allegations and record here, we must determine whether the State proved beyond a reasonable doubt that Michael intentionally engaged in conduct which, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in the commission of a crime, i.e. subjecting the victim to sexual contact without the victim's consent. There is no question that the nonconsensual intentional touching of the victim's breast or clothing covering her breast would constitute the crime of third degree sexual assault. So here, the issue raised is whether the court correctly determined that Michael

- 3 -

intentionally engaged in conduct intended to culminate in that act without the victim's consent. We agree that he did.

Here, the victim testified that on two separate occasions, Michael was rubbing her back while a video played in class, then he tried to reach around and touch her breast. Michael's testimony corroborated the victim's testimony that during a class in 2018, Michael rubbed the victim's back then moved his hand toward her breast, and she tried to stop him with her arm. The victim testified that on that occasion, Michael kept trying to touch her breast and she had to use her hand to push back his hand at least three times. The court specifically found the victim's testimony credible. Where the evidence is in conflict, we may give deference to the finder of fact, and we find it appropriate to do so here.

We further note that even Michael agreed that while rubbing the victim's back and stroking her hair, he attempted to then reach around her and touch her breast. Accordingly, by Michael's own admission, he intentionally took a substantial step in attempting to touch the victim's breast which would constitute a crime if the act was committed without the victim's consent. The only meaningful difference between Michael's version of the events and the victim's version is that the victim testified that Michael continued his attempts after she repelled his advances. Nebraska statutes define "without consent" to include the victim expressing "a lack of consent through words, or . . . through conduct." § 28-318(8)(a)(ii) and (iii). "The victim need only resist, either verbally or physically, so as to make the victim's refusal to consent genuine and real and so as to reasonably make known to the actor the victim's refusal to consent." § 28-318(8)(b). "A victim need not resist verbally or physically where it would be useless or futile to do so." § 28-318(8)(c).

Taking the victim's testimony at face value, the victim's repeated attempts to repel Michael's advances constituted a clear indication that she refused consent to Michael touching her breast. We find, beyond a reasonable doubt, that the victim did not consent to Michael touching her breast and that Michael engaged in conduct which would constitute an attempted third degree sexual assault. His assignment of error fails.

## CONCLUSION

In sum, the State adduced evidence to establish, beyond a reasonable doubt, that Michael had committed attempted third degree sexual assault. Accordingly, we affirm the court's order adjudicating Michael pursuant to § 43-247(1).

AFFIRMED.